UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                    MDL DOCKET NO. 1698

                                                          CASE NUMBERS:
AMERICAN GENERAL LIFE &                                   3:05-cv-258;  3:04-cv-1274;
ACCIDENT INSURANCE CO. RETIREE                            3:05-cv-892; 3:05-cv-970;
BENEFITS "ERISA" LITIGATION                               3:06-cv-764; 3:05-cv-893; 3:05-md-
                                                          1698

_____/

## ORDER

This Case is before the Court upon Defendant's multiple Motions to Sever (Dkt. 30 in

*Acres*- 04-cv-1274-mooted by Dkt. 70, Dkt. 12 in *Appling*- 05-cv-258- mooted by Dkt. 51: Dkt.

13 in *Adair*- Case 05-cv-893; Dkt. 4 in *Flanigan*- 05-cv-970), Defendant Bryan IV *et al's*

multiple Motions to Dismiss Third Party Complaints (Dkt. 8 in *Pope*- 05-cv-892; Dkt. 10 in

*Adair*- 05-cv-893: Dkt. 10 in *Flanigan* - 05-cv-970), Askew *et al's* Motions for Judgment on the

Pleadings[1] and Motions to Dismiss Counterclaims (Dkt. 7 in *Adair*- 05-cv-893 and Dkt. 5 in

*Flanigan*- 05-cv-970), Askew. *et al's* Motions to Dismiss Third Party Claims (Dkt. 48 in

*Appling*- 05-cv-258: Dkt. 5 in *Pope*-05-cv-892: Dkt. 4 in *Adair*-05-cv-893: Dkt. 12 in *Flanigan*

05-cv-970: Dkt. 5 in *Woodham*- 06-cv-764) plus. filed in MDL 1698. two Motions to Strike

(Dkts. 92 and 99). a Motion to File Consolidated Motion to Dismiss (Dkt. 91) and a Motion for

---

[1] Many of the dispositive motions before the Court that were filed in MDL 1698 contain almost identical arguments. In the future. the Parties in this case are directed to file consolidated motions and responses whenever possible.

   To streamline this Order, the Court will break the relevant parties into categories at certain points in its analysis. Some of the groups of parties will be referred to in a singular sense. Most internal citations and quotations will be omitted.

Leave to File Response to Motion to Dismiss (Dkt. 111). Lastly, this Order disposes of a Motion to Strike and Dismiss Fictitious Party Allegations (Dkt. 4 in *Pope*- 05-cv-892).

Regarding the Motion to Strike Motion to Dismiss Third Party Claims (Dkt. 92), same is denied but the parties are admonished to comply with this Court's Orders regarding the filing of pleadings in the future. American General's Motion to Strike Motion for Judgment on the Pleadings (Dkt. 99) is granted because the filing of a Motion for Judgment on the Pleadings is not a proper response to a Motion to Strike an almost identical Motion to Dismiss. Regarding the Motion for Leave to File response, same is granted. As to the Motion to Strike and Dismiss Fictitious Party Allegations, it appears that no opposition has been filed and same is granted. The Motion to File Consolidated Motion to Dismiss is granted. The dispositive motions as well as the severance motions are discussed below:

**Background**

American General filed Counterclaims and Third Party Complaints against former employees of American General or Independent Life that are allegedly responsible for misrepresentations at issue in this case.[2] Jacob F. Bryan IV and Wilford C. Lyon (collectively, Bryan) were executives at Independent Life: Mr. Bryan was President and Chief Marketing Officer and Mr. Lyon was the Chairman of the Board and Chief Executive Officer.

Most, if not all, of the other Third Party Defendants/ Counterclaim Defendants were not

_____

[2]Third-Party Defendants White, Sheppard, Askew, Mathis, Carver, Hamrick, Forrest and Putnal are among the persons alleged to have made the misrepresentations that form the basis of this action.

officers or directors of either Independent Life nor American General. [3] Evidently, Ms. White worked in Independent Life's Human Resources department and Messrs. Carver, Putnal and Youngblood were former Independent Life District Managers. John Askew is a former Independent Life Regional Agency Director. Donald W. Hamrick is the former Vice President of Independent Life's Human Resources Department. R. Wendall Sheppard is the former Vice President of Independent Life's Human Resources Department and Mr. Forrest is a former Senior Vice President of Independent Life.

The Third Party Complaint is brought under ERISA's federal common law and state law. Count I of the Third Party Complaint asserts breach of fiduciary duty, contribution and indemnity; Count II is against any officers or directors under state law for breach of corporate fiduciary duty, contribution and indemnity.

The relevant Counterclaim is brought under the federal common law of ERISA and similarly asserts breach of fiduciary duty, contribution and indemnity.

## MOTIONS TO DISMISS/ MOTIONS FOR JUDGMENT ON THE PLEADINGS

### Standard

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969 (U.S. 2007). The facts set forth in the complaint must be accepted as true and viewed

---

[3] According to pleadings filed in this case, R. Wendall Sheppard is also a plaintiff/counterclaim defendant in the *Acres* case and a third-party defendant in the *Flanigan, Adair, Appling, Thompson,* and *Pope* cases. Stafford Putnal and Eugene Carver are also plaintiffs /counterclaim defendants in the *Adair* case and third-party defendants in the *Flanigan, Appling, Acres, Thompson,* and *Pope* cases. Anna White and John Askew are third-party defendants in the *Flanigan, Adair, Appling, Acres, Thompson,* and *Pope* cases. John Mathis is a plaintiff in the *Acres* case.

in a light favorable to the plaintiff. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

## Analysis

### Right to Contribution and Indemnity under ERISA

The relevant parties first assert that there is no right to contribution or indemnity under ERISA, citing the Ninth Circuit decision in *Kim v. Fujikawa*, 871 F. 2d 1427,1432-33 (9th Cir. 1989) which relied on *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985).[4]

American General counters with Seventh and Second Circuit decisions where these courts, by incorporating trust law principles, held that the right of contribution and indemnity is available under certain circumstances. *Chemung Canal Trust Co. v. Sovran Bank/ Maryland*, 939 F. 2d 12, 16-17 (2nd Cir. 1991) and *Free v. Briody*, 732 F. 2d 1331, 1336-38 (7th Cir. 1984), a case decided pre-*Russell*.

The Movants attempt to distinguish *Chemung* and *Free* because those cases involved claims that could be "reasonably apportioned between the tortfeasor or shifted entirely from the passive tortfeasor to the active one." Movants maintain that such apportionment or shifting is not possible in the instant case because Plaintiffs seek to have their benefits reinstated. This particular argument is not ripe for consideration at the motion to dismiss stage.

The Movants also criticize *Chemung* and *Free*, maintaining that these courts disregarded the Supreme Court's directive in *Russell* as well as post-*Russell* Supreme Court decisions that

---

[4] The Court notes that one court in the Ninth Circuit has interpreted *Varity Corp. v. Howe* to reject *Kim*. *Youngberg v. Bekins Co.*, 930 F. Supp. 1396, 1400-01 (E.D. Cal. 1996).

direct lower courts to refrain from implying remedies that are not specifically set out in ERISA.[5]

American General asserts that "the Eleventh Circuit has firmly embraced [*Chemung.*] the seminal decision on this issue." citing *Useden v. Acker,* 947 F. 2d 1563, 1580-81 (11th Cir. 1991) (discussing *Chemung* analysis regarding the incorporation of trust law principles into ERISA).

Bryan, however, maintains that *Useden* did not actually determine whether the *Chemung* analysis was correct. Other Movants note that the issue in *Useden* was not whether claims for contribution and indemnity should be recognized but whether non-fiduciaries may be held liable for participating in a fiduciary breach. Thus, the Movants assert that the statements in *Useden* regarding *Chemung* are *dicta*. This Court agrees that the Eleventh Circuit's statements in *Useden* could be construed as *dicta*. Accordingly, the Court will deny the motion as to this point. If the Eleventh Circuit rules on this issue during the pendency of the pretrial proceedings in this case. a party may seek to file a motion to re-argue this particular point at a later date. Thus, the Motions

---

[5] Bryan also cites several cases in furtherance of his broader contention that Plaintiffs may only claim appropriate equitable relief. This assertion, however, does not support an argument that contribution and/or indemnity is unavailable to American General. Further, the Court has discussed the right to equitable relief under Section 1132(a)(3) extensively in its Order of September 25. 2007 and will not repeat this discussion now.

Bryan cites 29 U.S.C. Section 1110 (a) for the proposition that breaching fiduciaries are barred from recouping expenses from the plan that was injured and that the Second Circuit's *Chemung* decision is flawed because it failed to meaningfully address the prohibition on liability shifting agreements contained in Section 1110(a). American General counters that it is not seeking recovery from the plan itself. American General also notes that 29 U.S.C. Section 1110 (b) condones indemnification through the purchase of fiduciary insurance benefit plans, plan sponsors or the fiduciaries themselves.

to Dismiss are denied as to the ERISA contribution and indemnity argument. [6]

Bryan also seeks dismissal because there is no allegation that either he or Lyon actually made the relevant representations to the Plaintiffs. Bryan notes that the *Acres* Complaint states that the relevant representations were communicated by members of Independent Life's human resource and benefit departments as well as district level managers. Bryan cites no case law to support the assertion that this statement in the Complaint constitutes grounds for dismissal.

**State Law Claim Preemption**

Next, the Movants argue that ERISA preempts American General's state law claims for breach of corporate fiduciary duty, contribution and indemnity. ERISA's preemptive effect extends to state law claims having a connection with or reference to an employee benefit plan. *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F. 3d 1063. 1065 (11th Cir.1998). The Eleventh Circuit has held that claims involving misrepresentation of plan terms "relate to" the plan and are therefore preempted; these claims require an examination of the plan to determine the accuracy of the misrepresentations. *Id.* at 1066. According to Movants, American General's claims relate to the plans.

American General contends that a state law claim that does not affect relations among principal ERISA entities is not defensively preempted by ERISA. American General maintains that the state law claims are based solely on the relationship between its predecessor and its

---

[6] American General's position is that these claims are brought under common law, not ERISA Section 1132(a)(3), and even if they were brought under this ERISA Section, it does not seek equitable relief but rather seeks to apportion any equitable relief awarded. American General cites several decisions including *Smith*, *Masters*, *Cooper*, and *Jones* to support its contention that its contribution and indemnity claims are brought under federal common law. The Court need not reach this argument.

officers, directors and employees: an adjudication of the state law claims does not require adjudication of whether the Movants breached ERISA duties.   American General asserts that the claims depend on whether each Movant breached his or her obligations to the corporation and/or whether he or she exceeded the scope of authority as an employee.

To support this proposition, American General cites *Morstein v. National Ins. Services,* 93 F. 3d 715, 721-22 (11th Cir. 1996)(holding fraudulent inducement claims are not preempted when they involve an employer suing insurance agents) and *Ervast v. Flexible Products Co.,* 346 F. 3d 1007 (11th Cir. 2003)(employee's claim for breach of corporate fiduciary duty not complete preemption scenario: employee did not seek relief akin to provision of benefits due under plan). American General contends that the claim in *Ervast* is exactly the kind it asserts here.

As the Movants observe in the instant case, however, the fact the claims are against former officers does not exclude their role as "principal ERISA beneficiaries."   As noted by Movants, *Morstein* is inapposite: the defendants were insurance agents, not fiduciaries. Also, as Movants note, *Ervast* was a complete preemption case in contrast to a defensive preemption case; in the absence of complete preemption a claim can be defensively preempted.  In addition, the duty in *Ervast* existed under state law because it was a claim regarding shareholder duties. *Ervast,* 346 F. 3d at 1015-16.

Also, the Movants cite *Aetna Health, Inc. v. Davila* 542 U.S. 200 (2004).   In *Davila,* the Supreme Court held that state law claims requiring reference to an ERISA plan in order to establish liability are preempted. *Id.* at 212-13. Here, despite American General's assertion that its claims depend "solely" on the Movants' alleged breach of their obligations to the corporation and/or whether they exceeded the scope of their authority, it appears that the state law claims relate to the

employee benefit plan and, additionally, the claims affect relations among principal ERISA entities. Thus, these claims are dismissed because they are preempted by ERISA.

The Movants make several other arguments in short order to support their position that the state law claims are due to be dismissed: Bryan maintains the claims fail because Florida law prohibits joint tortfeasor's from asserting claims for contribution under Florida Statutes Section 768.31(g); Bryan maintains that a party seeking indemnification must be without fault; several Movants argue that Alabama does not permit contribution or indemnity among joint tortfeasors in breach of corporate fiduciary duty cases; several Movants contend that because they were not officers or directors, there can be no breach of corporate fiduciary duty claim against them; several movants argue that as former employees they were never under American General's actual or constructive control; and Bryan contends that a duty to advise could arise only out of his status as an ERISA fiduciary, not as an officer or director of Independent Life and thus a determination regarding a breach of those duties implicates ERISA. The Court need not reach these arguments because the claims arising under state law are dismissed for the reasons stated in this Order.

**MOTIONS TO SEVER**

Also before the Court is American General's Motion to Sever Claims regarding seventy-seven Plaintiffs in the *Flanigan* case. Rule 20 allows joinder where the plaintiffs' claims regard the "same transaction, occurrence or series of transactions or occurrence and if any question of law or fact common to all these person will arise in the action." Fed. R. Civ. Pro. 20 (a).

The determination of whether to grant a motion to sever is left to the discretion of the trial court. "The trial court likewise has discretion under Rule 20(b) to order separate trials 'to prevent delay or prejudice.'" *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1324 n. 16 (11th Cir.2000).

When making a Rule 21 severance determination "the court has virtually unfettered discretion in determining whether or not severance is appropriate."*Grigsby v. Kane*, 250 F.Supp.2d 453, 456 (M. D. Pa. 2003). Among the factors considered in exercising that discretion are whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied. *Fisher v. Ciba Specialty Chemicals Corp.*, 2007 WL 1795819, *1 (S.D. Ala 2007).

In assessing whether the claims arise from the same transaction, the Eleventh Circuit has opined that the term "transaction is a word of flexible meaning" that "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Alexander*, 207 F.3d at 1323. Likewise, for purposes of the commonality element, the *Alexander* panel stressed that "Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Id.* at 1324.

In considering whether to order separate trials of any claims or issues, "the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F.Supp.2d 1333, 1334 (M.D.Fla.2006).

Regarding the seventy-seven Plaintiffs in the *Flanigan* case, American General submits that these Plaintiffs' claims should be dismissed because the claims were originally filed in the *Addison* action and severed by the judge in that case. Although it appears that there may be some merit in Defendant's position that the relevant Plaintiffs engaged in forum shopping and Plaintiffs' counsel

is due to be sanctioned, the Court finds that it is appropriate for the sanction to be decided by the

transferor judge.  This Court also declines to rule on the Motions to Sever in its cases at this time.

Thus. it is **ORDERED**:

1. Motion for Leave to File Excess Pages  (Dkt. 85 in  05-md-1698) is **GRANTED**.  The

pleading shall remain as filed:

2.Motion to Dismiss Third Party Claims by Bryan IV and Lyon (Dkt. 8 in *Pope-* 05-cv-892;

Dkt. 10 in *Adair-* 05-cv-893; Dkt. 10 in *Flanigan -* 05-cv-970: Dkt. 83 in 05-md-1698) is

**GRANTED IN PART.**   The relevant state law claims are dismissed:

3. Motion to Dismiss Third Party Claims by Askew. *et al* (Dkt. 48 in *Appling-* 05-cv-258;

Dkt. 5 in *Pope-*05-cv-892;  Dkt. 4 in *Adair-*05-cv-893: Dkt. 12 in *Flanigan-* 05-cv-970: Dkt. 5 in

*Woodham-* 06-cv-764; Dkt. 48 in *Appling-* 05-cv-258) is **GRANTED IN PART**. The relevant

state law claims are dismissed:

4.  Motion to Dismiss Counterclaims by Carver. *et al*  (Dkt. 7 in *Adair-* 05-cv-893 and Dkt.

5 in *Flanigan-* 05-cv-970) is **DENIED**;

5.  The Court **DEFERS** the pending Motions to Sever in its own cases, (Dkt. 30 in *Acres-*

04-cv-1274- mooted by Dkt. 70 and Dkt. 12 *Appling-* 05-cv-258-mooted by Dkt. 51). The Motions

to Sever in the other cases (Dkt. 13 in *Adair-* Case 05-cv-893 and Dkt. 4 in *Flanigan-* 05-cv-970)

are also **deferred**.  Those motions will be referred to the transferor judges for disposition after

remand.  The clerk is directed to terminate the motions to sever from this Court's pending motion

report:

6. Motion to Strike and Dismiss Fictitious Party Allegations (Dkt. 4 in *Pope-* 05-cv-892) is

10

**GRANTED**.   The allegations in American General's Counterclaim filed in *Pope-* Case No. 05-cv-892 related to fictitious parties are **stricken** from the relevant Counterclaim (Dkt. 2):

7. Motion for Leave to File Response (Dkt. 111 in 05-md-1698) is **GRANTED**;

8. American General's Motion to Strike Motion to Dismiss (Dkt. 92 in 05-md-1698) is **DENIED**; and

9. American General's Motion to Strike Motion for Judgment on the Pleadings (Dkt. 99 in 05-md-1698) is **GRANTED**.   Askew *et al's* Motion for Judgment on the Pleadings (Dkt. 95 in 05-md-1698) is **stricken** from the record.

10. Motion to File Consolidated Motion to Dismiss (Dkt. 91 in 05-md-1698) is **GRANTED**.

**DONE AND ORDERED** in Jacksonville, Florida  this **3**   day of **October** , 2007.

**HENRY LEE ADAMS, JR.**
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

11